# EXHIBIT E

Rebekah C. Millard, OSB #121199
rmillard@freedomfoundation.com
James G. Abernathy, OSB #161867
jabernathy@freedomfoundation.com
Freedom Foundation
PO Box 552
Olympia, WA  98507
Tel: 360.956.3482
Fax: 360.352.1874

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER ZIELINSKI**, an individual,<br><br>Plaintiff,<br><br>v.<br>**SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503**, a labor organization; **and KATY COBA,** in her official capacity as Director of the Oregon Department of Administrative Services,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**Violation of Civil Rights under 42 U.S.C. § 1983, and Common Law Fraud**<br><br>**Demand for Jury Trial** |

PAGE 1 – COMPLAINT



1-Exhibit E

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## INTRODUCTION

1.     Plaintiff Christopher Zielinski is a public-sector employee whose labor union collected a percentage of his wages for years without his consent or authorization. From the beginning of his employment, Zielinski chose not to become a member of his union, Service Employees International Union, Local 503 ("SEIU 503"). The union nonetheless treated him as a member, and at SEIU 503's direction, Zielinski's employer withheld union dues from his wages and forwarded this money to SEIU 503. Upon Zielinski's inquiry into this matter, SEIU 503 produced falsified membership cards that contain patent forgeries of Zielinski's signature.

2.     Zielinski brings this civil rights action pursuant to 42 U.S.C. § 1983 to enforce his First Amendment right to be free of compelled speech and association, and his right to due process of law, and seeks declaratory and injunctive relief prohibiting Defendants' illegal and unconstitutional conduct in taking money out of his wages for union dues without his consent or authorization. Zielinski also brings an action for common law fraud against SEIU 503. He seeks compensatory damages, refund or restitution of all unlawfully seized money, nominal damages for the violation of his First Amendment rights, punitive damages for the intentional fraud, reasonable attorneys' fees, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3.     This action arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States, particularly the First Amendment as incorporated against the States by the Fourteenth Amendment.

4.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over state law claims presented in this matter

pursuant to 28 U.S.C. § 1367, because the claims are related to the federal constitutional claims in this action such that they do not raise novel or complex issues of state law and do not substantially predominate over the federal claims. There are, further, no exceptional circumstances compelling declining state law claims.

5. This action is an actual controversy in which Plaintiff seeks a declaration of his rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants operate and do business in this judicial district.

7. Because a substantial part of the events giving rise to these claims occurred in counties covered by the Portland Division, assignment to that Division is proper. L.R. 3-2.

## PARTIES

8. Plaintiff Christopher Zielinski is a public employee who lives in Columbia County, Oregon, and who works for Oregon Health Authority. Zielinski is in a bargaining unit represented by Defendant Union, SEIU 503. His wages are paid by the Oregon Department of Administrative Services.

9. Defendant SEIU 503, whose headquarters is located at 1730 Commercial St. SE, Salem, OR 97302 is a statewide union which is the exclusive representative of Plaintiff's designated bargaining unit, and which as a party to the Collective Bargaining Agreement ("CBA") between SEIU 503 and the Department of Administrative Services negotiated for and agreed to a

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

CBA provision that requires the State to deduct dues from Plaintiff's wages.

10. Defendant Katy Coba is director of the Oregon Department of Administrative Services, whose address is at 155 Cottage St NE # U90, Salem, OR 97301. Coba is sued in her official capacity.

## FACTUAL ALLEGATIONS

11. On more than one occasion, Zielinski has been presented with union membership agreements at his place of work, but he has consistently refused to sign them because he does not want to be held to the terms and conditions of union membership.

12. Despite the fact that he never joined SEIU 503, he has been charged dues since he first started working at his current job in 2009.

13. On September 15, 2019 Zielinski called SEIU 503 to ask for clarification on a contract matter. The representative he spoke to on the phone was hostile, and refused to answer his question. Zielinski asked how he could leave the union. The SEIU 503 representative stated that Zielinski could leave union membership if he sent in an opt-out letter, but that he would be required to continue to pay dues until July of 2020 because of a membership agreement he signed in September of 2017.

14. Zielinski has never signed any membership agreement, and told the representative so. Nonetheless, the SEIU 503 representative insisted that the membership card was on file. Zielinski asked for a copy.

15. When he received the copy, Zielinski confirmed that the signature on the membership card was not his. Additionally, while the form was printed with his name, some of the personal information contained in the card was inaccurate.

16. Concerned that his signature had been forged on the form, Zielinski sought legal

advice. His counsel sent a letter to SEIU 503 requesting an explanation of the existence of the fraudulent form, and asking for immediate cessation of dues deductions, as well as refund of the wrongfully taken money.

17. SEIU 503 responded through their counsel, but provided no explanation for the forged 2017 card. Instead, SEIU 503 claimed that there was another membership card on file for Zielinski, this one purportedly signed in 2013.

18. Zielinski carefully reviewed the 2013 document SEIU 503 provided, but the signature on the 2013 card was not Zielinski's signature. Zielinski did not sign the card in 2013 or at any other time, nor did he provide any other authorization to his employer or the union to deduct dues from his paycheck.

19. Plaintiff has not given any form of affirmative consent to pay dues, much less consent that is constitutionally adequate to waive plaintiff's First Amendment rights.

20. According to information and belief, SEIU 503 has sole control over union membership information, and the Department of Administrative Services depends entirely on representations made by SEIU 503 with regard to union membership and dues authorization.

## CAUSES OF ACTION

21. Defendants' actions violate Plaintiff's First Amendment rights, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

22. Defendants' actions in deducting and collecting union dues have caused Plaintiffs to suffer the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law.

23. Defendant SEIU 503's action in taking Zielinski's money without his consent and

pursuant to a forged membership agreement have caused Zielinski to suffer loss of income, emotional distress, and other damages.

## COUNT I
### Violation of the First Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

24. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

25. Defendants act under color of state law, ORS 243.776 and ORS 292.055(3), and the Collective Bargaining Agreement between SEIU 503 and the Department of Administrative Services in the deduction of money from Plaintiffs' paychecks and remittance of that money to SEIU 503. Defendants are violating Zielinski's First Amendment rights by deducting dues from his wages without his knowing, voluntary and intelligent consent.

26. Defendants' dues extraction scheme, on its face and as applied, violates Zielinski's First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983: (a) not to associate with a mandatory representative; (b) not to support, financially or otherwise, petitioning and speech; and (c) against compelled speech, because Defendants' dues extraction scheme entirely lacks procedural safeguards to protect Zielinski's constitutional rights.

27. No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

28. The dues extraction scheme is significantly broader than necessary to serve any possible alleged government interest.

29. The dues extraction scheme is not carefully or narrowly tailored to minimize the infringement of free speech rights.

30. Plaintiff suffers the irreparable injury and harm inherent in a violation of First

PAGE 6 – COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' dues deduction scheme.

## COUNT II
### Violation of Due Process under the Fourteenth Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

31. Zielinski re-alleges and incorporates by reference the paragraphs set forth above.

32. As a public employee, Zielinski, has a property interest in the wages he has earned. He also has a liberty interest protected by the First Amendment to not have his wages diverted to union coffers.

33. As such, unions that withdraw dues from public employees' wages, and the government employers that withdraw such dues on unions' behalf, have a duty to implement and abide by adequate procedural due process safeguards to protect employees' rights.

34. Defendants engaged in a pattern and practice of indifference towards Zielinski's First Amendment right to be free from forced payment of union dues: (a) the Department of Administrative Services failed to implement any process for verification or confirmation of union membership, relying entirely on unsubstantiated claims by SEIU 503; (b) SEIU 503 failed to adequately train, vet, monitor, or otherwise instruct union personnel in such a manner as to avoid violating First Amendment rights, and in fact created an environment likely to violate such rights.

35. Defendants' actions led to the forgery of Zielinski's signature and subsequent violation of his rights by the wrongful withdrawal of dues from Zielinski's wages without his consent.

36. Defendants caused further harm to Zielinski by failing to promptly and timely remedy the violation by stopping all dues withdrawals and restoring Zielinski's monies to him.

37. Defendants, acting under color of law, knowingly, recklessly, or because of callous

indifference, deprived him of his First Amendment right to be free from supporting a union with which he has fundamental and profound disagreements.

COUNT III
Common Law Fraud
(By Plaintiff Against Defendant SEIU 503)

38.     SEIU 503 by and through its agents or representatives made a false and material misrepresentation of fact to the Department of Administrative Services and to Zielinski.

39.     Because Zielinski has never signed a union membership card, he is not and has never been a member of SEIU 503.

40.     This misrepresentation was of a material fact (union membership and authorization for dues deductions) and resulted directly in the Department of Administrative Services collecting money from Zielinski's paychecks and transferring it to SEIU 503 to the loss and detriment of Zielinski.

41.     Zielinski had no knowledge his rights with regard to union membership or non-membership at the time these deductions began, and actually and reasonably relied on the Union's actions in treating him as a union member and deducting dues from his paychecks.

42.     According to information and belief, SEIU 503 was in complete control over the process of union membership, had access to information regarding union membership, and knowledge of who had, and who had not, signed union membership cards.

43.     Intentionally, or with reckless disregard for its truth or falsity, SEIU 503 propounded a union membership card with a false signature, claiming it was signed by Zielinski on two occasions: in September 2019 (claiming he signed a membership agreement in 2017), and in December 2019 (claiming he signed a membership agreement in 2013).

44.     SEIU 503 continued to so propound the false claim that Zielinski had signed a

membership card, even when presented with evidence of its falsity.

45.  In falsely claiming that Zielinski was a union member and had signed a membership card, SEIU 503 intended that Zielinski's money be taken from him and transferred to SEIU 503, which in fact occurred.

46.  SEIU 503's actions actually and proximately caused Zielinski to suffer both significant financial loss and significant emotional distress.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs request that this Court:

A.  Issue a declaratory judgment that Defendants' actions in taking Plaintiff's money without his valid authorization violate the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

B.  Issue a declaratory judgment that the Department of Administrative Services deduction of monies from Plaintiff's wages without clear and compelling evidence that he waived their First Amendment rights is illegal and unconstitutional.

C.  Permanently enjoin Defendants along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing any of the policies, provisions, or actions declared unconstitutional or illegal including the deduction of union dues or fees from Plaintiff's wages without his consent;

D.  Enter a judgment against SEIU 503 awarding Plaintiff nominal and compensatory damages for violation of his constitutional rights, including but not limited to all dues, fees or other assessments taken from Plaintiff's wages, to the extent permitted by the relevant statute of

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

limitations, together with any interest accumulated on such sum;

  E. Award Plaintiffs punitive damages against SEIU 503 due to the intentional fraudulent acts of SEIU 503;

  F. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

  G. Grant other and additional relief as the Court may deem just and proper.


Date: January 30, 2020

          By: *s/ Rebekah Millard*
            Rebekah Millard, OSB #121199
            rmillard@freedomfoundation.com
            James Abernathy, OSB #161867
            JAbernathy@freedomfoundation.com
            Attorneys for Plaintiff

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874