# EXHIBIT F

Rebekah C. Millard, OSB #121199
rmillard@freedomfoundation.com
James G. Abernathy, OSB #161867
jabernathy@freedomfoundation.com
Freedom Foundation
PO Box 552
Olympia, WA 98507
Tel: 360.956.3482
Fax: 360.352.1874

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JODEE WRIGHT**, an individual, | Case No. 6:20-cv-520 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503**, a labor organization; **OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES,** and **KATY COBA,** in her official capacity as Director of the Oregon Department of Administrative Services, | Violation of Civil Rights under 42 U.S.C. § 1983, Common Law Fraud; Wage Claim<br><br>**Demand for Jury Trial** |
| Defendants. | |

**PAGE 1 – COMPLAINT**

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## INTRODUCTION

1.  Plaintiff Jodee Wright's ("Ms. Wright") labor union collected union dues out of her wages without her authorization for years. Ms. Wright specifically objected to union membership in October 2019, at which point the union Service Employees International Union, Local 503 ("SEIU 503") claimed she signed a membership form under the terms of which she would be forced to continue to pay union dues until August 2020.

2.  Ms. Wright did not sign this agreement, and informed SEIU 503 of this fact. Nonetheless, at SEIU 503's direction, the Oregon Department of Administrative Services (the "Department") continued to withhold union dues from Ms. Wright's wages and forwarded this money to SEIU 503.

3.  Ms. Wright brings this civil rights action pursuant to 42 U.S.C. § 1983 to enforce her First Amendment right to be free of compelled speech and association, and her right to due process of law, and seeks declaratory and injunctive relief prohibiting Defendants' illegal and unconstitutional conduct in taking money out of her wages for union dues without her consent or authorization.

4.  Additionally, Ms. Wright brings an action for common law fraud against SEIU 503. Ms. Wright also brings an action under ORS 652.615 for wages wrongfully deducted. She seeks compensatory damages, refund or restitution of all unlawfully seized money, nominal damages for the violation of her First Amendment rights, punitive damages for the intentional fraud, reasonable attorneys' fees, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

5.  This action arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States, particularly the First Amendment as incorporated

PAGE 2 – COMPLAINT



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

against the States by the Fourteenth Amendment.

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over state law claims presented in this matter pursuant to 28 U.S.C. § 1367, because the claims are related to the federal constitutional claims in this action such that they do not raise novel or complex issues of state law and do not substantially predominate over the federal claims. There are, further, no exceptional circumstances compelling this Court to decline to hear the state law claims.

7. This action is an actual controversy in which Plaintiff seeks a declaration of her rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief based thereon.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants operate and do business in this judicial district.

9. Because a substantial part of the events giving rise to these claims occurred in counties covered by the Eugene Division, assignment to that Division is proper under L.R. 3-2.

## PARTIES

10. Plaintiff Jodee Wright is a public employee who lives in Marion County, Oregon, and who works for the Oregon Health Authority. Ms. Wright is in a bargaining unit represented by SEIU 503. The Oregon Department of Administrative Services pays her wages.

11. Defendant SEIU 503, whose headquarters is located at 1730 Commercial St. SE, Salem, OR 97302 is a statewide labor union and the exclusive representative of Plaintiff's designated bargaining unit. SEIU 503 and the Department are parties to a Collective Bargaining Agreement ("CBA") containing a negotiated for and agreed to provision requiring the State to deduct dues from Plaintiff's wages.

12. Defendant Oregon Department of Administrative Services whose address is at 155 Cottage St NE # U90, Salem, OR 97301, is the state agency charged with payment of state employees' wages, including Ms. Wright's wages. Defendant Katy Coba ("Ms. Coba") is director of the Oregon Department of Administrative Services and is sued in her official capacity.

## FACTUAL ALLEGATIONS

13. Ms. Wright began her employment with the Oregon Department of Human Services in 2005, but did not become a member of SEIU 503.

14. According to information and belief, a membership application was executed in Ms. Wrights name on or near October 5, 2017. The Department of Administrative Services began withdrawing union dues from Ms. Wrights paychecks at or near this time.

15. On October 15, 2019, Ms. Wright sent a letter via certified mail to SEIU 503 resigning all forms of membership with SEIU 503 and revoking any authorization for dues deductions. In addition, she asked for a copy of any membership form that SEIU 503 had on file for her.

16. On November 5, 2019, SEIU 503 sent Ms. Wright a letter claiming that she signed a membership form that included an authorization for dues deductions on October 5, 2017. Ms. Wright has no memory of signing any such authorization. SEIU 503 further claimed that, under the terms of the authorization, Ms. Wright would be required to continue paying dues until August 21, 2020, or until she retired.

17. SEIU 503 provided a copy of the membership form, which Ms. Wright reviewed.

18. Concerned that her signature had been forged on the form, Ms. Wright sought legal advice. On January 23, 2020 her counsel sent SEIU 503 a letter requesting an explanation as to the forged card and asking for refund of the money wrongfully taken from Ms. Wright.

PAGE 4 – COMPLAINT



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

19. On February 18, 2020 SEIU 503 responded through their counsel claiming that Ms. Wright had signed the membership form on an iPad and providing a screenshot of the metadata allegedly from the electronic signature.

20. The metadata provided did not authenticate the signature on the membership form.

21. Ms. Wright has not given affirmative consent to pay union dues, much less consent that is constitutionally adequate to waive Ms. Wright's First Amendment rights.

22. According to information and belief, SEIU 503 has sole control over union membership information, and the Department depends entirely on representations made by SEIU 503 with regard to union membership and dues authorization, as per the applicable Collective Bargaining Agreement between the parties.

23. In addition to union dues, Defendants have deducted the sum of $2.75 each month from Ms. Wright's paychecks designated "SEIU ISSUES."

24. According to information and belief, "SEIU ISSUES" is a political assessment that is designated expressly for the political purpose of promoting and defending public issue campaigns and ballot measures.

25. Ms. Wright never gave her permission for SEIU 503 to take this money or to use it for political purposes, and SEIU 503 never provided Ms. Wright with an explanation or accounting for its use of her money for political purposes.

**CAUSES OF ACTION**

26. Defendants' actions violate Plaintiff's First Amendment rights, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

27. Defendants' actions in deducting and collecting union dues and assessments have caused Wright to suffer the irreparable harm and injury inherent in a violation of First Amendment

PAGE 5 – COMPLAINT

rights, for which there is no adequate remedy at law.

28.     Defendant SEIU 503's action in taking Ms. Wright's money without her consent and pursuant to a forged membership agreement have caused Ms. Wright to suffer loss of income, emotional distress, and other damages.

## COUNT I
### Violation of the First Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

29.     Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

30.     Defendants acted under color of state law, ORS 243.776 and ORS 292.055(3), and the Collective Bargaining Agreement between SEIU 503 and the Department in the deducting union dues and assessments from Plaintiff's paychecks and in remitting that money to SEIU 503 without her knowing, voluntary and intelligent consent.

31.     Defendants' dues and assessments violate Ms. Wright's First Amendment rights, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983: (a) not to associate with a mandatory representative; (b) not to support, financially or otherwise, petitioning and speech; and (c) against compelled speech, because Defendants' dues and assessment extraction was made without Ms. Wright's consent.

32.     No compelling state interest justifies this infringement of Plaintiff's First Amendment rights.

33.     The dues and assessment extraction scheme is significantly broader than necessary to serve any possible alleged government interest.

34.     The dues and assessment extraction scheme is not carefully or narrowly tailored to minimize the infringement of free speech rights.

35.     Plaintiff suffers the irreparable injury and harm inherent in a violation of First

Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' dues and assessment deduction scheme.

## COUNT II
### Violation of Due Process under the Fourteenth Amendment (42 U.S.C. § 1983)
### (By Plaintiff Against all Defendants)

36. Ms. Wright re-alleges and incorporates by reference the paragraphs set forth above.

37. As a public employee, Ms. Wright, has a property interest in the wages she has earned. She also has a liberty interest protected by the First Amendment to not have her wages diverted to union coffers absent her consent.

38. The Department, as Ms. Wright's employer and as an arm of the State, has a duty to implement and abide by adequate procedural safeguards to protect employees' rights; and SEIU 503, the union directing the Department to withdraw dues and political assessments from Plaintiff's wages, has a duty to implement and abide by adequate procedural safeguards to protect employees' rights.

39. Defendants engaged in a pattern and practice of indifference towards Ms. Wright's First Amendment right to be free from forced payment of union dues and political assessments: (a) the Department failed to implement any process for verification or confirmation of union membership, relying entirely on unsubstantiated claims by SEIU 503, a financially interested party; (b) SEIU 503 failed to adequately train, vet, monitor, or otherwise instruct union personnel in such a manner as to avoid violating First Amendment rights, and in fact created an environment likely to lead to violation of such rights.

40. Defendants' actions led to the forgery of Ms. Wright's signature and subsequent violation of her rights by the wrongful withdrawal of dues and political assessments from Ms. Wright's wages without her consent.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

41. Defendants caused further harm to Ms. Wright by failing to promptly and timely remedy the violation by stopping all dues and assessment withdrawals and restoring Ms. Wright's lawfully earned wages.

42. Defendants, acting under color of law, knowingly, recklessly, or because of callous indifference, deprived Ms. Wright of her First Amendment right to be free from supporting a union with which she has fundamental and profound disagreements.

## COUNT III
### Common Law Fraud
### (By Plaintiff Against Defendant SEIU 503)

43. SEIU 503, by and through its agents or representatives, made a false and material misrepresentation of fact to Ms. Wright.

44. Because Ms. Wright never signed a union membership card, she is not and has never been a member of SEIU 503.

45. This misrepresentation was of a material fact (union membership) and resulted directly in the Department collecting money from Ms. Wright's paychecks and transferring it to SEIU 503 to the loss and detriment of Ms. Wright.

46. Ms. Wright had no knowledge of her rights with regard to union membership or non-membership at the time these deductions began, and actually and reasonably relied on the Defendants' actions in treating her as a union member and deducting dues from her paychecks.

47. According to information and belief, the Department put SEIU 503 in complete control over the process of union membership. The Union had access to information regarding union membership, and knowledge of who had, and who had not, signed union membership cards.

48. Intentionally, or with reckless disregard for its truth or falsity, SEIU 503 propounded a union membership card with a false signature, claiming it was signed by Ms. Wright.

PAGE 8 – COMPLAINT



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

49. SEIU 503 continued to propound the false claim that Ms. Wright had signed a membership card, even when presented with evidence of its falsity.

50. In falsely claiming that Ms. Wright was a union member and had signed a membership card, SEIU 503 intended that the State take Ms. Wright's money and transfer it to SEIU 503, which in fact occurred.

51. SEIU 503's actions actually and proximately caused Ms. Wright to suffer both significant financial loss and significant emotional distress.

## COUNT IV
### Violation of Or. Rev. Stat. § 652.615
### (By Plaintiff Against the Department and Coba)

50. Katy Coba in her official capacity, by and through her agents, deducted a portion of Wright's wages in violation of ORS § 652.610.

51. As an employee of the Oregon Health Authority, Wright was entitled to wages for her labor that are paid by the Oregon Department of Administrative Services ("DAS").

52. Ever since her employment started with Oregon Health Authority, dues have been deducted from each of Wright's paychecks. These deductions have been itemized on each pay stub as "SEIU" and were collected for the purpose of membership dues to be paid to SEIU 503.

53. Because Wright has never signed a union membership card, she is not and has never been a member of SEIU 503. Because of this, the deduction was not authorized by the collective bargaining agreement between SEIU 503 and DAS pursuant to ORS § 652.610 (3)(b) or (c).

54. These deductions were never authorized by Wright through any means and resulted directly in the Department of Administrative Services collecting money from Wright's paychecks and transferring it to SEIU 503 to the loss and detriment of Wright.

55. Even upon request that dues deductions cease, Coba continued to deduct union

membership dues from Wright's wages.

56.     Coba's actions actually and proximately caused Wright to suffer both significant financial loss and significant emotional distress.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A.      Issue a declaratory judgment that Defendants' actions in taking Plaintiff's money without her valid authorization violate the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

B.      Issue a declaratory judgment that the Department's deduction of monies from Plaintiff's wages without clear and compelling evidence that she waived her First Amendment rights is illegal and unconstitutional.

C.      Permanently enjoin Defendants along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing any of the policies, provisions, or actions declared unconstitutional or illegal including the deduction of union dues or fees from Plaintiff's wages without her consent;

D.      Enter a judgment requiring Defendant Katy Coba to implement a process that will adequately ensure and confirm employees' consent prior to the deduction of dues from paychecks;

E.      Enter a judgment against SEIU 503 awarding Plaintiff nominal and compensatory damages for violation of her constitutional rights, including but not limited to all dues, fees or other assessments taken from Plaintiff's wages, to the extent permitted by the relevant statute of limitations, together with any interest accumulated on such sum;

F.      Award Plaintiff punitive damages against SEIU 503 for the fraudulent acts of SEIU

503;

G. Award Plaintiff actual damages or $200, whichever is greater, against the Department due for wrongfully deducted wages pursuant to ORS § 652.615.

H. Award Plaintiff her costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988 and ORS § 652.615; and

I. Grant other and additional relief as the Court may deem just and proper.

Date: March 30, 2020

By:  *s/ Rebekah Millard*
Rebekah Millard, OSB #121199
rmillard@freedomfoundation.com
James Abernathy, OSB #161867
jabernathy@freedomfoundation.com

*Attorneys for Plaintiff*

PAGE 11 – COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874